UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, LAFACE RECORDS, LLC, SONY MUSIC ENTERTAINMENT, UMG RECORDINGS, INC., AND WARNER BROS. RECORDS, INC.,<br><br>*Plaintiffs*,<br><br>-against-<br><br>SPINRILLA, LLC AND JEFFREY DYLAN COPELAND,<br><br>*Defendants*. | CIVIL ACTION<br><br>MISC. Case No. 17-mc-00359<br><br>No.: 1:17-CV-00431<br>(pending in Northern District of Georgia) |

**MEMORANDUM OF LAW OF NON-PARTY WILLIAM ROSENBLATT IN SUPPORT OF HIS APPLICATION FOR REASONABLE ATTORNEY'S FEES AND COSTS**

**TENAGLIA & HUNT, P.A.**
395 West Passaic St., Suite 205
Rochelle Park, NJ 07662
Attorneys for Non-Party William Rosenblatt

By Order and Decision dated October 26, 2017, the Court granted Non-party William Rosenblatt's ("Rosenblatt") motion to quash a subpoena and request for an award of reasonable attorney's fees and costs. This Brief is submitted in support of Mr. Rosenblatt's application for fees and costs.

## LEGAL ARGUMENT

To calculate compensable attorney's fees, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro—North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar amount is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany,* 522 F.3d 182, 186 (2d Cir. 2007). A reasonable hourly rate has been described as what a "paying client would be willing to pay," bearing in mind that a "reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984); *see also Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). The relevant community is the Southern District of New York. *Simmons v. New York City Tran. Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009). To determine a reasonable rate, the Court may also rely on its own familiarity with prevailing rates in its District. *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 81-82 & n.16 (2d Cir. 2005); *Miele v. New York State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

Once a reasonable hourly rate is determined, a court must then calculate whether the

1

amount of time expended on each task was reasonable. The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

In addition, when calculating attorney's fees using the lodestar method, the "time spent on the fee applications . . . would usually be compensable" as well. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 428 (2d Cir. 1999); *Source Vagabond Sys. v. Hydrapak, Inc*., No. 11-5379, 2013 U.S. Dist. LEXIS 4853, at *36-37 (S.D.N.Y. Jan. 11, 2013); *Prospect Capital Corp. v. Enmon*, No. 08-3721, 2010 U.S. Dist. LEXIS 64312, at *4 (S.D.N.Y. June 23, 2010) ("Where a sanctions motion is granted, courts may award costs relating to the sanctions motion itself."). Therefore, Mr. Rosenblatt's attorney's time in submitting the within request for attorney's fees and costs, including this brief and supporting declarations, is compensable and Mr. Rosenblatt seeks reimbursement for that as well.

### I. Rosenblatt's Attorneys' Hourly Rates Are Reasonable

Here, Rosenblatt's attorneys' hourly rates of $350 per hour for partner James T. Hunt, Jr., and $300 per hour for associate George Panagiotopoulos, Esq., are eminently reasonable for attorneys of their experience in the Southern District of New York. Rosenblatt relies on and incorporates herein the Declarations of James T. Hunt, Jr., Esq., ("Hunt Decl."), and Kenneth J. Katz, Esq., ("Katz Decl."), submitted herewith, and, as a courtesy, will not re-state the substance of each at length here. Indeed, based on the Declarations submitted, it is clear that the rate of $350 per hour for James T. Hunt, Jr., is not only reasonable, but is actually on the lower end of the scale of a reasonable hourly rate in this community for an attorney of his experience. *See* Katz Decl., at ¶¶4, 5, 6, 7; Hunt Decl., at ¶¶3-12. Moreover, the rate of $300 per hour for associate George Panagiotopoulos, Esq. is very reasonable considering an attorney of his

experience.  *See* Katz Decl., at ¶6; Hunt Decl., at ¶¶20-22.  Accordingly, Rosenblatt requests that the Court approve the reasonable hourly rate of $350 for James T. Hunt, Jr., and $300 per hour for George Panagiotopoulos, Esq.

> **II.    The Time Expended On This Matter By Rosenblatt's Attorneys Is Reasonable**

The amount of time expended on this matter by Rosenblatt's attorneys is very reasonable given the circumstances.  *See* Hunt Decl., at ¶¶13-19, 23-27.  The Declaration of James T. Hunt, Jr., Esq., includes the legal bills in this matter and an explanation of the work done and services rendered for this matter, as well as a Client Activity Report that shows all billed time on this matter.  *See* Hunt Decl., Exhibits A, B, C.  It should be noted that given the narrow scope of our representation with respect to the subpoena, virtually every minute counsel devoted to this matter should be reimbursed to Mr. Rosenblatt.  All of our attorneys' time was expended as a direct result of the invalid subpoena issued by Lilenfeld, Spinrilla, and Copeland, which this Court quashed.  Therefore, while courts may at times be wary of so-called "block billing," that is not a concern here because, again, every minute that was expended related directly to defending our client against the invalid subpoena.  In other words, this is not a matter in which any description of the billing on the invoices would include work not related to the subpoena – to the contrary, *all of the legal work* reflected on the legal bills related to the subpoena.

In addition, particular care and attention had to be taken in this matter in order to protect our client from exposure to a worst-case scenario of violating a subpoena.  There were also time constraints given the return date of the subpoena and deposition date, and Lilenfeld/Spinrilla's stubbornness in refusing to resolve the matter.

As such, James Hunt spent a total of 34.80 hours on this matter, which is very reasonable considering the circumstances and the time-sensitive nature of the case.  *See* Hunt Decl., at ¶13-

3

19, Exhibits A, B, C.  At $350 per hour this amounts to $12,180 in fees.  *See* Hunt Decl., at ¶13.  This of course includes time spent on drafting this very fee application, which is compensable to Rosenblatt.  *Quaratino*, 166 F.3d at 428.  A specific description of the work done by Mr. Hunt is contained in the Hunt Declaration and the firm's legal bills.  *See* Hunt Decl., at Exhibits A, B, C.  Rosenblatt submits that the amount of $12,180 is a very reasonable amount for the work done by Mr. Hunt in this case.

Associate attorney George Panagiotopoulos spent a total of 13.60 hours on this matter, which totaled $4,080.00.  Hunt Decl., at ¶23, Exhibits A, B, C.  The work completed by attorney George Panagiotopoulos is described in the Hunt Declaration and the firm's legal bills attached thereto.  *See Id*.  Rosenblatt submits that the amount of $4,080 is a very reasonable amount for the work done by Mr. Panagiotopoulos in this case.

Accordingly, for these reasons and the reasons set forth in the Hunt Declaration, as well as the legal bills submitted, Mr. Rosenblatt respectfully requests that the Court find that his attorneys' time expended was reasonable and necessary considering the issues in this matter.  Based on the hours spent and hourly rates billed, the total amount billed and sought by Mr. Rosenblatt is $16,260.00, which is extremely reasonable under the circumstances.  Coupled with the filing fee of $47, Rosenblatt requests reimbursement in the total amount of $16,307.00.

    **III.**    **Judgment Should Be Entered Against David Lilenfeld, personally, his law firm Lilenfeld PC, And His Clients Spinrilla, LLC and Jeffrey Dylan Copeland**

David Lilenfeld, his law firm, Lilenfeld, PC, and his clients, Spinrilla, LLC and Copeland should all be jointly and severally liable to Rosenblatt.  Rule 45(d)(1) provides a court may impose sanctions "on a party or attorney."  Here, the Court should impose the sanction on the attorney and the party.  Clearly, Lilenfeld and his clients, Spinrilla, LLC and Copeland,

personally, all were the impetus behind issuing the Subpoena, and also behind the intractable stubbornness in refusing to withdraw it and refusing to agree on any reasonable compromise. At one point when Rosenblatt's attorney offered a reasonable compromise, Lilenfeld responded that "Spinrilla cannot agree to this." *See* Declaration of James T. Hunt, Jr., previously submitted in support of the motion to quash, dated September 26, 2017, at Exhibit E. Therefore, David Lilenfeld, his law firm Lilenfeld PC, Spinrilla, LLC and Jeffrey Dylan Copeland should be jointly and severally liable to Rosenblatt.

In addition, both David Lilenfeld, personally and individually, and his law firm, Lilenfeld PC, should be jointly and severally liable as well. For example, under other similar court rules that provide for sanctions, a "law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *See, e.g.*, Fed. R. Civ. P. 11(c)(1); *In re Australia & New Zealand Banking Grp. Ltd. Securities Litig.*, 712 F. Supp. 2d 255, 271 (S.D.N.Y. 2010) (holding law firms "jointly responsible for their respective attorneys' violations, as mandated by Rule 11(c)"); *Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Assocs., Inc.*, No. 06 CV 105 (SJ), 2008 U.S. Dist. LEXIS 26181, 2008 WL 877203, at *8 (E.D.N.Y. Apr. 1, 2008) (holding attorney and law firm jointly responsible pursuant to Rule 11(c)). The same reasoning should hold true here.

## **CONCLUSION**

For the foregoing reasons, non-party William Rosenblatt respectfully requests that the Court award him $16,260 in attorney's fees and $475 in costs, for a total amount of $16,307.00, and that a judgment be entered for this total amount in his favor and against David Lilenfeld, personally, his law firm Lilenfeld, PC, and his clients, Spinrilla, LLC and Jeffrey Dylan Copeland.

Dated:  November 28, 2017

                                        **TENAGLIA & HUNT, P.A.**

                                        By: _____
                                              James T. Hunt, Esq.