```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/6/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATLANTIC RECORDING
CORPORATION, et al.,
                   Plaintiffs,

v.

SPINRILLA, LLC, et al.,
                   Defendants.

No. 17-MC-00359 (RA)

No. 1:17-CV-0431-AT (pending in the Northern District of Georgia)

ORDER

RONNIE ABRAMS, United States District Judge:

On October 27, 2017, this Court granted non-party William R. Rosenblatt's motion to quash the subpoena served on him by Defendants and awarded him reasonable attorney's fees and costs incurred in preparing and arguing the motion to quash, as well as the accompanying motions to stay and to award fees. Dkt. 15; *see* Fed. R. Civ. P. 45(d)(1). Counsel for Mr. Rosenblatt ("Counsel") subsequently filed an application for those fees and costs. Dkt 16. Defendants opposed the application, arguing that Mr. Rosenblatt should recover nothing. Dkt. 17. Counsel replied to this opposition, adding the time required to do so to the requested attorney's fees. Dkts. 18, 19. After reviewing the parties' letters and documentation, the Court grants Mr. Rosenblatt the great bulk of the requested fees and costs.

## DISCUSSION[1]

As an initial matter, the Court will not delve into Defendants' attempts to relitigate the propriety of its conduct regarding the subpoena at issue. The Court has already found that Defendants' subpoena of Mr. Rosenblatt was unduly burdensome for a non-party, non-witness, that Defendants "did not take reasonable steps" to avoid that burden, and that Defendants were in

---

[1] The Court assumes familiarity with the underlying factual and procedural histories and refers to the "Background" section of its October 27, 2017 order for a more detailed account. *See* Dkt. 15.

fact responsible for "needlessly escalating and prolonging a matter for which they had minimal need or justification." Dkt. 15 at 6; *see Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03-CV-1382 (RWS), 2003 WL 23018833, at *9 (S.D.N.Y. Dec. 23, 2003) ("Sanctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash.") The Court will instead focus on determining the appropriate amount of attorney's fees and costs to be awarded to Mr. Rosenblatt.

"Courts imposing a sanction of attorneys' fees under Rule 45[ ] have often granted sanctions equaling most if not all of the attorneys' fees sought." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03-CV-1382 (RWS), 2004 WL 1375558, at *3 (S.D.N.Y. June 17, 2004). "Nevertheless, the rule itself makes clear that attorneys' fees awarded as part of a Rule 45[d](1) sanction must be 'reasonable.'" *Molefi v. Oppenheimer Tr.*, No. 03-CV-5631 (FB) (VVP), 2007 WL 538547, at *5 (E.D.N.Y. Feb. 15, 2007). The so-called "lodestar" method of calculating attorney fees factors in the reasonable hourly rate and a reasonable number of hours worked to produce a "presumptively reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190.

Counsel request $350 per hour for partner James T. Hunt Jr., and $300 per hour for associate George Panagiotopoulos. Defendants do not challenge these rates, Dkt. 17 at 6, and the Court finds them reasonable based on the attorneys' experience and background, *see* Dkt. 16-1.

In their initial application, Counsel asked for fees for 48.40 hours of work—34.80 by Mr. Hunt and 13.6 by Mr. Panagiotopoulos. In their reply memorandum, Counsel stated that Mr.

Hunt spent an additional five hours responding to Defendants' opposition. Combined with a $47 filing fee, these hours produce a total requested attorney's fees and costs amount of $18,057. Defendants object to the number of hours on several grounds: that Counsel have not filed contemporaneous time records, have engaged in difficult-to-decipher block-billing, and that the number of hours worked exceeds the scope of the Court's order and is otherwise excessive. Some of Defendants' points are well-taken, but the effect on the award amount is minimal.

As to the contemporaneous-records objection, Mr. Hunt's initial declaration did not appear to explicitly state that the records were contemporaneously made, but Mr. Hunt has now declared under penalty of perjury that they were so made, in accordance with his firm's policy. Dkt. 19 at 1. The Court will, however, reduce the requested hours spent on Counsel's reply from five to four, as Defendants should not have been expected to allow the contemporaneous-recording flaw to pass without objection.

As to block-billing, Counsel acknowledge that in many of the entries, multiple tasks have been aggregated. Dkt. 18 at 3. "While not prohibited, block billing has a tendency to obfuscate the amount of time expended on distinct tasks and introduces an element of vagueness into a fee application, making it difficult to determine if the reported hours are duplicative or unnecessary." *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04-CV-3600 (SWK), 2005 WL 3099592, at *5 (S.D.N.Y. Nov. 17, 2005) (internal quotation omitted). Counsel contend, however, that block-billing is not a concern here because "every minute that was expended related directly to defending our client against the invalid Subpoena, either in preparing the motion to quash, or attempting to negotiate reasonable resolutions to avoid the motion to quash." Dkt. 18 at 3.

The Court is sympathetic to this view, as Defendants' subpoena was the but-for cause of all of Counsel's work on behalf of Mr. Rosenblatt. Defendants are right, however, to note that the Court's order awarded Mr. Rosenblatt fees and costs "incurred in preparing and arguing these motions." Dkt. 15 at 7. Accordingly, the Court will not award fees for Counsel's first two entries: discussions on September 12 and 15 with Mr. Rosenblatt concerning the subpoena, before preparations for the motions appeared to begin in earnest. *See* Dkt. 16-2 at 1. But other than those entries—given Defendants' culpability for the unduly burdensome subpoena and ensuing litigation, as well as the need to ensure that Mr. Rosenblatt's well-justified motion to quash is not a hollow, expensive victory—the Court takes a broad view as to which fees are related to preparing and arguing the motions in this matter. Other than the two reductions mentioned, the Court grants the requested attorney's fees.

Finally, the Court also finds that the number of hours—48.4—is not excessive per se for contentious motions to quash, stay, and award fees, and that the $47 filing fee is a reasonable cost.

After reducing Mr. Hunt's number of billed hours by 1.8, Mr. Rosenblatt is awarded $17,380 in attorney's fees, as well as $47 in costs.

## CONCLUSION

For the reasons discussed above, Mr. Rosenblatt is awarded $17,427 in attorney's fees and costs. David Lilenfeld, Lilenfeld PC, and Defendants shall be jointly and severally liable to Mr. Rosenblatt for these fees and costs. *See* Fed. R. Civ. P. 45(d)(1) ("The court . . . must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply."); *see also United Fabrics Int'l, Inc. v. Metro 22, Inc.*, 16-MC-00253 (JGK), 2016 WL 6310775, at *2

(S.D.N.Y. Oct. 27, 2016) (holding parties responsible for a Rule 45 violation jointly and severally liable for attorney's fees).

The Clerk of Court is respectfully directed to terminate all open docket entries and close this case.

SO ORDERED.

Dated: February 6, 2018
New York, New York

_____
Ronnie Abrams
United States District Judge